

FILED
JAN 18 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRECT OF CALIFORNIA

JAMES JOHNSON )
*Plaintiff.* )
)
) Case No 2:18-CV-0114 JAM EFB (PS)
vs )
)
EXPERIAN INFORMATION )
SOLUTIONS, INC.; TRANS UNION )
LLC; EQUIFAX, INC. )
*Defendants* ) Judge _____
)
)
) TRIAL BY JURY DEMANDED
)

AGENT: registered agent for service for service for
EXPERIAN INFORMATION SOLUTIONS, INC
C T Corporation System
818 West Seventh Street - Suite 930 Los Angeles County Los Angeles,
California 90017


AGENT: registered agent for service for service for EQUIFAX, INC.
The Prentice-Hall Corporation System, Inc
2710 Gateway Oaks Drive Ste 150N, Sacramento,Ca 95833


AGENT: registered agent for service for service for TRANS UNION ,LLC is:
The Prentice-Hall Corporation System, Inc
2710 Gateway Oaks Drive Ste 150N, Sacramento,Ca 95833


## COMPLAINT FOR VIOLATIONS OF THE FCRA


### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C § 1331.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is James Johnson, a natural person, who resides in Siskiyou County California.

4. Defendant Experian Information Solutions, Inc. (Experian) is a Consumer Reporting Agency with corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

5. Defendant Equifax, Inc. (Equifax) is a Consumer Reporting Agency with corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

6. Defendant Trans Union, LLC (Trans Union) is a Consumer Reporting Agency with corporate offices at 555 W. Adams Street Chicago, IL 60661.

## VENUE

7. The occurrences which give rise to this action occurred in Siskiyou County California and Plaintiff resides in Siskiyou County California.

8. Venue is proper in the EASTERN DISTRICT OF CALIFORNIA.

## GENERAL ALLEGATIONS

9. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Experian on November 25th 2017. See Exhibit 1 attached.

10. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a credit file which was not responsive to his request.

11. Plaintiff made a written request sent by certified mail for a copy of his full consumer file disclosure which was received by Equifax on November 2nd 2017 See Exhibit 1 attached..

12. In response to his very specific request for his **full consumer file disclosure** Plaintiff received credit file which was not responsive to his request.

13. Plaintiff made a written request sent by certified mail for a copy of his **full consumer file disclosure** which was received by Trans Union on November 2nd 2017 See Exhibit 1 attached.

14. In response to his very specific request for his **full consumer file disclosure** Plaintiff received a credit report which was not responsive to his request.

15. Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a **full consumer file disclosure** at least once per year at no charge when a request is made by a consumer.  See Exhibit 1 attached.

16. Plaintiff's request for a **full consumer file disclosure** from each Defendant was the first request for a disclosure within 12 months and identification in the form of a copy of his social security card and California State ID Card was attached to the request for identification.

17. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a **full consumer file disclosure** pursuant to the FCRA of each Defendant.  See Exhibit 2 attached.  A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and California State ID Card   for identification.

18. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(1) as outlined in the initial request.

19. In response to Plaintiff's second request for a **full consumer file disclosure** to Experian he received a credit report which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

20. In response to Plaintiff's second request for a **full consumer file disclosure** to Equifax he received a credit report which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

21. In response to Plaintiff's second request for a **full consumer file disclosure** to Trans Union he received a credit report which was not responsive to his request as required by 15 U.S.C. § 1681g(a)(1).

22. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

23. Upon information and belief the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

24. This undisclosed information has never been provided to Plaintiff even when it was requested so he could examine it for accuracy. It could be blatantly false or at the least misleading and without disclosure by the Defendants he would not have the opportunity to dispute the accuracy or veracity of it which he is legally entitled to do under the law.

Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint him in a false light where he could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming him substantially.

25. Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for his file. This information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 1681g(a)(1) when a proper request is made by a consumer. The Defendants have **repeatedly refused** to provide Plaintiff with his **full consumer file disclosure** after multiple requests. His requests were very specific in nature and could not possibly be misconstrued as a request for his credit report by Defendants.

26. Because Plaintiff has not had access to that undisclosed information he has therefore had no opportunity to review it and dispute the accuracy of it if it is found to be false yet it is provided to potential creditors, insurers and employers without his knowledge and purposely and illegally concealed from him.

27. Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user can be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary. Why?

28. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with

instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

29. Plaintiff made multiple specific requests of each of the Defendants for a **full consumer file disclosure** as clearly stated in 15 U.S.C. § 1681g(a)(1) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

30. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

31. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

33. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

34. Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

35. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

36. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

37. Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

38. Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

39. Paragraphs 1 through 29 are re-alleged as though fully set forth herein.

40. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

41. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

42. Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1).

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX INC. for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: January 8th 2018 Respectfully Submitted,

*James Johnson* James Johnson

631 Dedtz Road Mount Shasta California 96067

# PRAYER FOR RELEIF

WHEREFORE, Plaintiff respectfully prays that judgment be entered
against the Defendants for the following:
A. Statutory damages;that Defendant's conduct is in   Violation of the FCRA ,
B. and, For such other and further relief as may be just and proper.
C. any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

Executed on January 8th 2018 at Weed, California

CONCLUSION

WHEREFORE, Plaintiff prays that the Court does as follows:
    1) Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Statutory damages;that Defendant's conduct is in   Violation of the FCRA ,
B. and, For such other and further relief as may be just and proper.
C. any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

Dated: January 8th, 2018
BY: James Johnson Plaintiff *James Johnson*

UNITED STATES DISTRICT COURT
EASTERN DISTRECT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON<br>　　　Plaintiff. | |
| | Case No _____ |
| vs | |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.; TRANS UNION<br>LLC; EQUIFAX, INC.<br>　　　Defendants | Judge _____ |
| | TRIAL BY JURY DEMANDED |

AGENT: registered agent for service for service for
 EXPERIAN INFORMATION SOLUTIONS, INC
C T Corporation System
818 West Seventh Street - Suite 930 Los Angeles County Los Angeles, California 90017


AGENT: registered agent for service for service for EQUIFAX, INC.
The Prentice-Hall Corporation System, Inc
2710 Gateway Oaks Drive Ste 150N, Sacramento,Ca 95833


AGENT: registered agent for service for service for TRANS UNION ,LLC is:
The Prentice-Hall Corporation System, Inc
2710 Gateway Oaks Drive Ste 150N, Sacramento,Ca 95833

## [PROPOSED] ORDER

Having reviewed all papers submitted by the parties in support of and in opposition to the COMPLAINT VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE,, the court makes the following orders:

IT IS HEREBY ORDERED that the COMPLAINT is SUSTAINED in its entirety without leave to amend,
IT IS SO ORDERED.

Dated: _____      _____
         **Judge of the District Court Eastern District of   California**

IT IS HEREBY ORDERED that the COMPLAINT is SUSTAINED in part  without leave to amend,
IT IS SO ORDERED.

Dated: _____      _____
         **Judge of the District Court Eastern District of California**

# EXHIBIT

# 1

James Johnson
631 Deetz Road
Mount Shasta, California 96067
S. S. # ███████  |  D.O.B. ███████
October 30th 2017

Experian
P.O. Box 2002
Allen, TX 75013

**<u>Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).</u>**

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Experian as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Experian.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Experian.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Experian used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Experian in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Experian.

Thank you in advance for promptly satisfying this request.

Thank You,

James Johnson   *James Johnson*   10-30-2017

Attached: Copy of my Social Security Card & California ID is attached
Sent: USPS Certified Mail #7015 1520 0000 7010 4780
Return Receipt Requested

James Johnson
631 Deetz Road
Mount Shasta, California 96067
S. S. # █████████ | D.O.B. █████████

October 30th 2017

Equifax
P.O. Box 740256
Atlanta, GA 30374

**Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).**

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Equifax as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Equifax.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Equifax.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Equifax used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Equifax in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Equifax.

Thank you in advance for promptly satisfying this request.

Thank You,

James Johnson     *James Johnson*   10-30-2017

**Attached**: Copy of my Social Security Card & California ID is attached
Sent: USPS Certified Mail #7015 1520 0000 7010 4766
Return Receipt Requested

James Johnson
631 Deetz Road
Mount Shasta, California 96067
S. S. # ▓▓▓▓▓▓▓  |  D.O.B. ▓▓▓▓▓▓▓

October 30th 2017

Trans Union
P.O. Box 2000
Chester, PA 19022


### Full File Disclosure Request pursuant to 15 U.S. Code 1681g(a)(1).

To Whom it may concern:

Please send me in writing <u>ALL INFORMATION</u> in my consumer file at Trans Union as of the date that you receive this letter regardless of how or where it is stored; pursuant to 15 U.S. Code 1681g(a)(1). Mask the first five digits of my Social Security Number in all writings you return to me.

In addition, I am requesting:

1. Pursuant to 15 U.S. 1681g(a)(2), all sources of information in my consumer file at Trans Union.

2. Pursuant to 15 U.S. 1681g(a)(3)(A), the identification of each person that procured a consumer report on me from Trans Union.

3. Pursuant to 15 U.S. 1681g(a)(3)(B), the name, trade name, address, and telephone number of each person identified under 15 U.S. 1681g(a)(3)(A).

4. Pursuant to 15 U.S. 1681g(a)(4), the dates, original payees, and amounts of any checks in my consumer file at Trans Union used to adversely characterize me

5. Pursuant to 15 U.S. 1681g(a)(5), a record of all inquiries received by Trans Union in the year preceding the receipt of this request that identified me in connection with a credit or insurance transaction that I did not initiate

This is a request for a full file disclosure to include all obsolete and archived information as permitted by the Fair Credit Reporting Act. It is my first full file disclosure request for this calendar year from Trans Union.

Thank you in advance for promptly satisfying this request.

James Johnson   *James Johnson*   10-30-2017

Attached: Copy of my Social Security Card & California ID is attached
Sent: USPS Certified Mail # 7015 1520 0000 7010 4773
Return Receipt Requested

# EXHIBIT 2

James Johnson<br>
631 Deetz Road<br>
Mount Shasta, California 96067<br>
S. S. # ▓▓▓▓▓▓ | D.O.B. ▓▓▓▓▓▓

Experian  
P.O. Box 2002  
Allen, TX 75013

November 20th 2017

### Final Request Pursuant to 15 U.SC. § 1681g(a)(1)

To whom it may concern:

I am writing in regard to your response to my initial request for my *Full Consumer File Disclosure*. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the *Full Consumer File Disclosure* as requested. I will once again state that I am requesting my *Full Consumer File Disclosure* pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the *Full Consumer File Disclosure* as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the *Full Consumer File Disclosure* within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my *Full Consumer File Disclosure* in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request, I am enclosing a copy of California ID and Social Security Card for identification purposes and also a copy of my original letter. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.**

Thank you in advance for promptly satisfying this request.

Thank You,

**James Johnson**  *James Johnson*  11-20-2017

**Attached:** Copy of my Social Security Card & California ID and a copy of my original letter is attached  
**Sent:** USPS Certified Mail #7015 1520 0000 7010 7552  
**Return Receipt Requested**

James Johnson<br>
631 Deetz Road<br>
Mount Shasta, California 96067<br>
S. S. # ██████████  |  D.O.B. ██████████

November 20th 2017

Equifax
P.O. Box 740256
Atlanta, GA 30374

## 2nd and Final Request Pursuant to 15 U.SC. § 1681g(a)(1)

To whom it may concern:

I am writing in regard to your response to my initial request for my *Full Consumer File Disclosure*. My request was very specific and I provided the exact sections of the FCRA which required you to provide it to me (see copy of my original letter attached). You did not respond and did not provide the *Full Consumer File Disclosure* as requested. I will once again state that I am requesting my *Full Consumer File Disclosure* pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the *Full Consumer File Disclosure* as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the *Full Consumer File Disclosure* within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my *Full Consumer File Disclosure* in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request,** I am enclosing a copy of California ID and Social Security Card for identification purposes and a copy of my original letter. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.

Thank you in advance for promptly satisfying this request.

Thank You,

James Johnson   *James Johnson*  11-20-2017

Attached: Copy of my Social Security Card & California ID and a copy of my original letter is attached
Sent:   USPS Certified Mail  #7015-1520-0000-7010-7576
Return Receipt-Requested

James Johnson<br>
631 Deetz Road<br>
Mount Shasta, California 96067<br>
S. S. # ███████ | D.O.B. ███████

November 20th 2017

Trans Union
P.O. Box 2000
Chester, PA 19022

### Final Request Pursuant to 15 U.SC. § 1681g(a)(1)

To whom it may concern:

I am writing in regard to your response to my initial request for my *Full Consumer File Disclosure*. My request was very specific and I provided the exact sections of the FCRA which require you to provide it to me (see copy of my original letter attached). Your response was not correct in that you did not provide the *Full Consumer File Disclosure* as requested. I will once again state that I am requesting my *Full Consumer File Disclosure* pursuant to 15 U.S.C. § 1681g(a)(1) to include all other such information listed specifically in my initial letter. No response by you other than providing the *Full Consumer File Disclosure* as required by the FCRA will be appropriate or accepted by me.

My initial letter was my first request for the *Full Consumer File Disclosure* within the past 12 months and there is no provision in the FCRA which allows you to charge me for it. I expect your full compliance with the law and for me to receive my *Full Consumer File Disclosure* in a timely manner as required by the FCRA. Your failure to do so will result in me initiating legal action against you to force compliance under the law. Your timely response is appreciated. Act accordingly.

**Once again as was provided with my initial request, I am enclosing a copy of California ID and Social Security Card for identification purposes and also a copy of my original letter. You are instructed to mask the first five digits of my Social Security Number in all writings you return to me.**

**Thank you in advance for promptly satisfying this request.**

Thank You,

**James Johnson**  *James Johnson*   11-20-2017

Attached: Copy of my Social Security Card & California ID and a copy of my original letter is attached
Sent: USPS Certified Mail #7015 1520 0000 7010 7569
Return Receipt Requested