UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.,<br><br>    Defendants. | No. 2:18-cv-114-JAM-EFB PS<br><br><br>ORDER |

    Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 4. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed with leave to amend.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

[2] Subsequent to filing his complaint, plaintiff filed a motion to amend his complaint.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action against defendants Experian Information Solutions, Inc., Trans Union, LLC, and Equifax, Inc., alleging that the defendants violated 15 U.S.C. § 1681g(a)(1) of the Fair Credit Reporting Act.[3] The complaint alleges that in November 2017, plaintiff requested

---

Although he was permitted to amend his complaint as a matter of course (*see* Fed. R. Civ. P. 15(a)(1)), he did not file a proposed amended complaint with his motion. Regardless, as explained herein, plaintiff original complaint must be dismissed with leave to file an amended complaint, rendering plaintiff's motion to amend moot.

[3] That section requires a consumer reporting agency to disclose to a consumer "[a]ll information in the consumer's file at the time of the request," with the exception of "information concerning credit scores or any other risk scores or predictors relating to that consumer." 15 U.S.C. § 1681g(a)(1).

defendants provide him his "full consumer file disclosure." ECF No. 1 ¶¶ 9, 11, 13. In response, each of the defendants allegedly provided plaintiff his "credit file," which plaintiff contends was not responsive to his request. *Id*. ¶¶ 10, 12, 14. Plaintiff subsequently submitted a second request to each defendant, noting that their initial responses were deficient and explaining that he was requesting his "full consumer file disclosure" pursuant to 15 U.S.C. § 1681g(a)(1). *Id*. ¶ 17. In response to his second request, each defendant provided plaintiff with a copy of his "credit report" that was not responsive to plaintiff's request. *Id*. ¶¶ 19-21.

Plaintiff claims, upon information and belief, that "there is substantial information related to [him] that is contained in all Defendants' files that has not been disclosed." *Id*. ¶ 4. More specifically, he alleges that defendants have withheld: (1) "information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers" (*id*. ¶ 22); (2) "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id*. ¶ 23); and "far more information relating to Plaintiff in their files and databases including archived information" (*id*. ¶ 25). Plaintiff also concludes that "[o]ne can only surmise that there must be some nefarious reason why that information should not be provided to the consumer . . . . It obviously must contain information that the consumer has never seen and the consumer reporting agencies don't want him or her to see for some unknown reason." *Id*. at ¶ 28.

Plaintiff's conclusory allegations are insufficient to "raise a right to relief above the speculative level" or to "allow[] the court to draw the reasonable inference that" defendants violated 15 U.S.C. § 1681g(a)(1) by failing to provide plaintiff with all information in his file. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. 678. Plaintiff's complaint, rather than providing any specific factual allegations, rest entirely on conclusory allegations based upon plaintiff's "information and belief," which are insufficient to state a claim for relief. *See Miller v. City of Los Angeles*, 2014 WL 12610195, at *5 (C.D. Cal. Aug. 7, 2014) (a plaintiff cannot avoid dismissal for failure to state a claim "simply by slapping the 'information and belief' label onto speculative or conclusory allegations.") (citing *Twombly*, 550 U.S. at 557); *Gold River LLC v. La Jolla Band of Luiseno Mission Indians*, 2011 WL 6152291, at *2 (C.D. Cal. Dec. 9, 2011)

("Conclusory allegations, especially those made upon information and belief, 'do not suffice.'"). Significantly, plaintiff does not identify any specific information that was wrongfully withheld, nor does he provide any basis for his belief that defendants failed to provide him with all information in his file. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim.[4]

Plaintiff is granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

---

[4] The court notes that plaintiff's allegations are nearly identical to allegations in other complaints filed against Consumer Reporting Agencies in other federal courts. *See Scott v. Experian Solutions*, 2018 WL 3360754 (S.D. Fla. June 29, 2018); *Frazier v. Experian Info. Sols., Inc.*, 2018 WL 3785131 (D. Md. Aug. 9, 2018). In both *Scott* and *Frazier*, the court found the same allegations presented in the instant action insufficient to state a claim for violation of the FCRA. *Scott*, 2018 WL 3360754 at * 6-7 (characterizing plaintiff's allegations that defendants withheld "(1) information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers or employers . . .; (2) negative codes among other things that were provided to prospective creditors, insurers or employers . . .; and (3) far more information relating to Plaintiff in their files and databases including archived information" as speculative guesswork that is incapable of withstanding dismissal); *Frazier*, 2018 WL 3785131 at 6 (finding same allegations insufficient to state a claim due to plaintiff's failure "to accompany her conclusional allegation based upon information and belief with specific factual allegations that led her to accuse Defendants of failing to meet their disclosure requirements under the FCRA.") (internal quotations omitted).

| | |
|---|---|
| 1 | Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to |
| 2 | make an amended complaint complete. Local Rule 220 requires that an amended complaint be |
| 3 | complete in itself. This is because, as a general rule, an amended complaint supersedes the |
| 4 | original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once |
| 5 | plaintiff files an amended complaint, the original no longer serves any function in the case. |
| 6 | Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not |
| 7 | alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. |
| 8 | 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.* |
| 9 | *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to |
| 10 | comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order |
| 11 | may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110. |
| 12 | Accordingly, IT IS ORDERED that: |
| 13 | 1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted. |
| 14 | 2. Plaintiff's complaint is dismissed with leave to amend, as provided herein. |
| 15 | 3. Plaintiff is granted thirty days from the date of service of this order to file an amended |
| 16 | complaint. The amended complaint must bear the docket number assigned to this case and must |
| 17 | be labeled "First Amended Complaint." Failure to timely file an amended complaint in |
| 18 | accordance with this order will result in a recommendation this action be dismissed. |
| 19 | 4. Plaintiff's motion to file an amended complaint is denied as (ECF No. 6) moot. |
| 20 | DATED: February 27, 2019. |
| 21 | |
| 22 | EDMUND F. BRENNAN<br>UNITED STATES MAGISTRATE JUDGE |